# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| MARIA DEJESUS, | |
|     Plaintiff, | |
| v. | 2:19-cv-142 |
| WAL-MART STORES EAST, LP, | |
|     Defendant. | |

## ORDER

Before the Court is the Motion for Summary Judgment, dkt. no. 32 (the "Motion"), filed by Defendant Wal-Mart Stores East, LP ("Defendant"). For the reasons stated below, Defendant's Motion is **DENIED in part** and **GRANTED in part**.

## BACKGROUND

On March 1, 2019 at about 2:00 P.M., Plaintiff Maria DeJesus ("Plaintiff") tripped and fell over a red curb as she was walking toward the Home & Pharmacy entrance of Defendant's store in St. Marys, Georgia. Dkt. No. 32-7 ¶¶ 1-6; Dkt. No. 32-3. As a result of Plaintiff's fall, she claims to have suffered "severe and permanent injuries," including a broken left femur. Dkt. No. 1 ¶ 25. On November 18, 2019, Plaintiff filed this action alleging

one count of negligence[1] against Defendant.  See Dkt. No. 1.  After filing a timely answer and conducting discovery, Defendant filed the present Motion for Summary Judgment.  See Dkt. Nos. 7, 32.  The Court issued an oral ruling at the March 3, 2021 hearing on Defendant's Motion and now issues this written Order to memorialize and further explain that ruling.

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" where the evidence would allow "a reasonable jury to return a verdict for the nonmoving party." FindWhat Inv. Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A fact is "material" only if it "might affect the outcome of the suit under the governing law."  Id. (quoting Anderson, 477 U.S. at 248).   Factual disputes that are "irrelevant or

---

[1] Although Plaintiff appears to set forth a negligence per se argument in her response to Defendant's Motion, see dkt. no. 38 at 15, Plaintiff recognized during the hearing on this Motion that she may not raise a new legal claim in a response brief and accordingly withdrew any alleged negligence per se claim. See Dkt. No. 43 at 11; Claussen v. PowerSecure, Inc., No. 3:18-CV-00607, 2019 WL 4941109, at *6 (M.D. Ala. Oct. 7, 2019) ("Defendant is correct that Plaintiff failed to raise the issue of negligence *per se* in his complaint. It is clearly established precedent in this Circuit that 'for a plaintiff to assert negligence *per se*, such a claim must be included in the complaint.'" (quoting Zatarain v. Swift Transp., Inc., 776 F. Supp. 2d 1282, 1292 (M.D. Ala. 2011))).

2

unnecessary" are insufficient to survive summary judgment. Anderson, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must show the court that there is an absence of evidence to support the nonmoving party's case. See id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. See Anderson, 477 U.S. at 257.

The nonmovant may satisfy this burden in one of two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. Where the nonmovant attempts to carry this burden with nothing more "than a repetition of his conclusional allegations, summary judgment for the [movant is] not only proper but required."

Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981) (citing Fed. R. Civ. P. 56(e)).

## DISCUSSION

In Georgia, a plaintiff-invitee must prove two things to recover for injuries sustained in a trip-and-fall action: "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997); see also O.C.G.A. § 51-3-1 (Georgia premises liability statute). "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm." Cocklin v. JC Penney Corp., 674 S.E.2d 48, 51 (Ga. Ct. App. 2009) (quoting Hannah v. Hampton Auto Parts, Inc., 506 S.E.2d 910, 912 (Ga. Ct. App. 1998)).

Here, neither party disputes that Plaintiff was an invitee on Defendant's premises, or that Defendant had actual or constructive knowledge of the hazard. See Dkt. Nos. 32-1, 43; Dkt. No. 38 at 4 n.1. See Cocklin, 674 S.E.2d at 51 (where plaintiff alleges defective construction, "notice of the danger is presumed" on behalf of defendant). Instead, the issues in this case lie in the second prong: whether Plaintiff lacked knowledge of the curb's hazard "despite the exercise of ordinary care." Robinson, 493

S.E.2d at 414. Defendant argues that summary judgment is proper here for two main reasons: first, Plaintiff had previously traversed the curb where she fell; and second, the curb was an "open and obvious static condition." Dkt. No. 32-1 at 5, 9. However, the evidence shows factual disputes exist regarding both material issues, which makes summary judgment inappropriate.

I. **Prior Traversal**

First, there is a genuine issue of material fact as to whether Plaintiff previously traversed the specific area of the curb over which she tripped. Under Georgia's prior traversal rule, "when the alleged dangerous condition is a static defect, a person is presumed to have knowledge of it when that person has successfully negotiated the alleged dangerous condition on a previous occasion and, therefore, cannot recover for a subsequent injury." Bonner v. S. Rest. Grp., Inc., 610 S.E.2d 129, 132–33 (Ga. Ct. App. 2005) (quoting Delk v. Quiktrip Corp., 572 S.E.2d 676, 677 (Ga. Ct. App. 2002)). The curb over which Plaintiff tripped was undoubtedly a static condition—namely, "one that does not change and is dangerous only if someone fails to see it and walks into it." D'Elia v. Phillips Edison & Co., Ltd., 839 S.E.2d 721, 723 (Ga. Ct. App. 2020) (quoting Jones Lang LaSalle Operations v. Johnson, 829 S.E.2d 629, 631 (Ga. Ct. App. 2019)), reconsideration denied (Mar. 23, 2020). However, whether Plaintiff previously traversed the curb where she fell is unclear; this is largely because translation was

5

an obvious obstacle in her deposition. Two Spanish-speaking individuals present at Plaintiff's deposition pointed out on multiple occasions that the translator was incorrectly translating the attorneys' questions and Plaintiff's answers. See, e.g., Dkt. No. 38-6 at 34–35, 41, 45. Plaintiff's translated testimony is muddled and contradictory, especially as to her prior traversal of the curb. Id. at 29, 30–31, 44, 46, 48, 52, 53–54. Construing all facts in favor of Plaintiff as the non-movant, whether Plaintiff had previously traversed the specific area of the curb on which she fell appears to be a genuine issue of material fact which a jury—not the Court—should decide.

### II. Open and Obvious Hazard

Second, there is a genuine issue of material fact as to whether the curb's hazard was open and obvious. "Georgia Courts have repeatedly held that, in instances of a static, open and obvious condition, summary judgment is appropriate." Brown v. W.R.I. Retail Pool I, LP, No. 1:13-CV-00378-ELR, 2015 WL 5692157, at *5 (N.D. Ga. May 20, 2015) (applying Georgia law) (citing Pirkle v. Robson Crossing LLC, 612 S.E.2d 83 (Ga. Ct. App. 2005)). If a static condition is "so open and obvious that an average person exercising ordinary care would have observed it and avoided the danger," then a plaintiff who fails to avoid that condition and is thereby injured may not recover. Poythress v. Savannah Airport Comm'n, 494 S.E.2d 76, 78 (Ga. Ct. App. 1997). Here, Plaintiff

argues that although the curb was a static condition, the curb's danger "was camouflaged by a lack of contrast between the hazard and the surfacing leading up to it making it difficult for Plaintiff to appreciate the specific hazard." Dkt. No. 38 at 7. Plaintiff's expert witness, an industrial engineer, stated in her deposition: "[A]fter my analysis from seeing the site as well as looking at the kinematics of the fall, . . . I reached the conclusion that part of what made this area difficult to traverse was because of the subtlety of the change in elevation . . . in conjunction with, . . . a consistent color on the horizontal and vertical surfaces." Dkt. No. 38-4 at 74-75. Plaintiff has produced evidence sufficient to create an issue of fact as to whether a person exercising reasonable care for her safety would see and avoid this curb. See, e.g., Strauss v. City of Lilburn, 765 S.E.2d 49, 52 (Ga. Ct. App. 2014) (reversing summary judgment for defendant where "the evidence shows that, although [plaintiff] was paying attention to where she was walking, she was unable to see the step down because the change in elevation was essentially camouflaged from her vantage point"); Perkins v. Val D'Aosta Co., 699 S.E.2d 380, 383 (Ga. Ct. App. 2010) (reversing summary judgment for defendant where plaintiffs "presented evidence that the step down from the curb was difficult to see when approached from above due to lighting conditions, darkened surfaces and lack of warning"); cf. D'Elia, 839 S.E.2d at 721 (affirming summary

judgment for defendant where, although plaintiff argued that the elevated curb upon which she tripped was camouflaged, there was no evidence or allegation that the curb was painted in a way that created an optical illusion, nor was there testimony from another witness that the curb's elevation was camouflaged).

This is not one of the "extraordinary cases where the facts are plain and indisputable." Barton v. City of Rome, 610 S.E.2d 566, 570 (Ga. Ct. App. 2005) (quoting Bossard v. Atlanta Neighborhood Dev. P'ship, Inc., 564 S.E.2d 31, 34 (Ga. Ct. App. 2002)). Whether Plaintiff had previously traversed the section of the curb over which she tripped is not clear, nor is it clear whether the curb was camouflaged such that Plaintiff would not have been exercising reasonable care for her safety when she tripped over it. These are questions that should be left to the jury to resolve.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment, dkt. no. 32, is **DENIED** as to Plaintiff's negligence claim and **GRANTED** as to any negligence per se claim Plaintiff attempts to advance at this stage, see supra n.1.

**SO ORDERED**, this 3rd day of March, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA